**Alan James CHACE, Appellant,**

v.

**Salvador LOPEZ and Nilda Cabuto Soto, Appellees.**

**No. 13–01–611–CV.**

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Oct. 24, 2002.

Marcella Algarra, Brock & Person, Ricardo R. Reyna, San Antonio, for Appellant.

Craig Muessig, Law Offices of Craig Muessig, Baytown, and Frank Castillo, Brownsville, for Appellees.

Nilda Cabuto, pro se.

Before Chief Justice VALDEZ and Justices DORSEY and RODRIGUEZ.

## OPINION

Opinion by Justice DORSEY.

The sole issue is whether the Federal Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.App. §§ 501–93 bars the imposition of prejudgment interest that is authorized under state law. We hold that the provisions of the Act do not, and affirm the judgment.

This judgment arose from an automobile accident occurring in June, 1993. A defendant, appellant Alan James Chase, was an officer in the United States Navy on active duty when the accident happened and has been on continuous active duty, both here and abroad, ever since. The case was tried to a jury in May, 2001 with a resulting verdict for appellee, Salvador Lopez, for $261,800 for his injuries and for appellee, Nilda Soto Cabuto, $60,000 for her injuries. The trial court rendered judgment consistent with the verdict and awarded prejudgment interest to appellees of $199,829 and $45,797, respectively. The only complaint on appeal is that the trial court erred in awarding any prejudgment interest consistent with Texas Finance Code Chapter 304, because an Act of Congress, the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.App. §§ 501–93 prevents the imposition of interest accruing between the incident and the judgment.

The calculation of interest is not challenged.

The Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.App. §§ 501–93 was enacted "to suspend enforcement of civil liabilities, in certain cases, of persons in the military service of the United States in order to enable such persons to devote their entire energy to the defense needs of the Nation" and "to enable the United States the more successfully to fulfill the requirements of the national defense." 50 U.S.C.App. § 510. In accordance with that declared purpose, Congress gave the service member certain protections, such as a stay of proceedings in court where the serviceman is a party, 50 U.S.C.App. § 521, or no penalties to accrue for failure to comply with the terms of a contract where an action based on contract is stayed pursuant to the Act, 50 U.S.C.App. § 522, as well as other matters.

The parties agree, however, that no provision of the Act explicitly prohibits the accrual of interest for personal injuries between when the injury occurred and the judgment, and that there are no decisions of courts to provide guidance. Appellant argues that the purpose of the Act is clearly set forth, "to suspend the enforcement of civil liabilities", 50 U.S.C.App. § 510, and the Act is to be always liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation. *See Boone v. Lightner*, 319 U.S. 561, 572, 63 S.Ct. 1223, 87 L.Ed. 1587 (1943). Appellant urges us not to confine our review to words, phrases, or clauses in isolation, but rather to examine the entire Act to glean its meaning. *Meritor Auto. Inc. v. Ruan Leasing Co.*, 44 S.W.3d 86, 89 (Tex.2001).

Be that as it may, the Act itself limits its applicability to certain concrete situations. For example, section 522 deals with fines and penalties on contracts, section 525 with tolling statutes of limitation, and section 526 establishes a maximum rate of interest on obligations incurred before the service member entered the service. Nowhere in the Act is there a provision that could reasonably be construed to encompass the situation at hand.

Several basic principles announced in *Meritor Auto.* and similar cases guide courts in construing statutes, one of which is that the legislature says what it means, and that the language of the statute itself is examined for its applicability. Courts recognize the legislature's role as law maker, and its competence to include or exclude coverage in a statute. The court's role is to look to the language the legislature has chosen, rather than general statements of purpose, to determine applicability. For the court to expand the statute beyond what the legislature has enacted, is an usurpation of the authority of the Congress. Construing the statute as a whole becomes useful when some parts appear to be in conflict with others.

With full appreciation of the separation of powers between courts and legislatures and the resulting limited authority of courts to alter a statute, we hold the Soldiers' and Sailors' Civil Relief Act of 1940 does not bar the imposition of prejudgment interest under Texas law. The points of error are overruled and the judgment is AFFIRMED.